IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:18-00025

STEPHEN BELCHER

**MEMORANDUM OPINION AND ORDER**

In Charleston, on April 5, 2022, came the defendant, Stephen Belcher, in person and by counsel, Lex A. Coleman, Assistant Federal Public Defender; came the United States by Julie M. White, Assistant United States Attorney; and came Senior United States Probation Officer Douglas W. Smith, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on March 18, 2022.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant conceded that the government would be able to prove the charges contained in the petition by a preponderance of the evidence.  The court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 12 to 18 months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years. Neither party objected to the Guideline range and statutory penalty as determined by the court. The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of twenty-four (24) months. The court recommended that while incarcerated defendant receive a comprehensive mental health evaluation and any mental health counseling and treatment deemed appropriate. Upon completion of his term of incarceration, the defendant will serve a term of supervised release of six (6) months. In addition to those conditions of supervised release imposed at defendant's original

sentencing, the court imposed the following additional conditions of supervision:

1) The term "minor" with respect to any condition of supervised release refers to one who is under the age of eighteen (18) years.

2) The defendant shall not associate or have verbal, written, telephonic or electronic communications with any minor except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of the defendant's sex offender conviction(s); and 3) with written approval from the probation officer, which shall not be unreasonably withheld. This provision does not encompass associating or communicating with minors working as waiters, cashiers, ticket vendors, and similar service personnel with whom the defendant must associate or communicate in order to obtain ordinary and usual commercial services, so long as such associations or communications are limited exclusively to those which are necessary and proper for obtaining the aforementioned services.

3) The defendant shall not engage in any forms of exhibitionism, voyeurism, obscene phone calls or other lewd or lascivious behavior toward a minor, nor engage in "grooming" behavior that is apt to attract, seduce or reduce sexual resistance or inhibitions of a minor.

4) The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors without written permission from the probation officer, which shall not be unreasonably withheld. The defendant may not engage in an activity that involves being in a position of trust or authority over any minor.

5) The defendant shall submit his or her person, property, house, residence, vehicle, papers, or office to a search conducted by a United States probation officer when there is reasonable suspicion that the defendant has violated a condition of supervision. Prior to the search, the Probation Officer must obtain approval for the search from the

        Court. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. The defendant shall inform other occupants that the premises may be subject to searches pursuant to this condition.

6) The defendant shall reside at Dismas Charities, residential reentry center, in St. Albans, West Virginia, for a period of 180 days as a condition of supervised release. The defendant shall observe all the rules and regulations of the facility. The defendant's subsistence shall be waived, and all funds saved to obtain housing upon his release.

7) Should defendant not receive a mental health evaluation while incarcerated, the defendant shall participate in a mental health assessment as directed by the probation officer.

8) The defendant shall follow the recommendations of any mental health assessment as directed by the probation officer including taking all recommended medications as prescribed.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant. The court further concluded that the sentence imposed will maximize defendant's chances of rehabilitation and returning to a law-abiding lifestyle. Finally, the court believes that the sentence imposed will provide adequate deterrence to criminal conduct and protect the

public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 7th day of April, 2022.

ENTER:

David A. Faber
Senior United States District Judge