IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 2:18-00025

STEPHEN BELCHER

MEMORANDUM OPINION AND ORDER

In Charleston, on August 14, 2024, came the defendant, in person and by counsel, Christopher Maidona, Assistant Federal Public Defender; came the United States by William Longwell, Assistant United States Attorney; and came Senior United States Probation Officer Doug Smith for a hearing on the petition to revoke defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke his term of supervised release, filed on May 2, 2024.  The court found that the defendant had received written notice of the alleged violations contained in the petition and that the evidence against the defendant had been disclosed.  The court advised the defendant that pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.

The defendant was charged with five violations of supervised release:  (1) violation of mandatory condition

against commission of state crimes (defendant was charged with
failure to register as a sex offender, wanton endangerment with
a firearm, and prohibited person in possession of a firearm),
(2) violation of statute requiring sex offender registration,
(3) violation of standard condition requiring defendant to
notify his probation officer of an arrest, (4) violation of
standard condition prohibiting possession of firearms, and (5)
violation of special condition requiring defendant to reside at
a residential-reentry center for 180 days following his release
from prison.

The defendant admitted to all violations other than those
pertaining to wanton endangerment with a firearm and possession
of a firearm by a felon.  The government conceded that, at that
hearing, it could not prove the allegations related to the
firearm by a preponderance of the evidence.  The court found
that all allegations other than those involving the firearm were
proven by a preponderance of the evidence based on the
government's proffers.

The highest-grade violation of supervised release is a
Grade B Violation.  The defendant has a criminal history score
of IV.  The court, therefore, found the Guideline imprisonment
range for the revocation of supervised release to be 12-18
months.  The court found that the Guideline range for supervised

release following that imprisonment is twelve months, less any term of imprisonment imposed.

The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Therefore, the court stated that the relevant statutory period is 18 U.S.C. § 3583, which provides a maximum term of imprisonment of twenty-four months.

Neither party objected to the Guideline range determined by the court.  The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED,** pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a period of **eighteen (18) months.** There is no additional term of supervised release following his release from incarceration.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate

3

sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant was informed of his right to appeal.  The defendant was further informed that in order to initiate such appeal, a Notice of Appeal must be filed within fourteen (14) days.  The court advised the defendant that if he wishes to appeal and cannot afford to hire counsel, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

Defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the probation department of this court.

It is **SO ORDERED** this 20th day of August, 2024.

ENTER:

David A. Faber
Senior United States District Judge